KENNETH R. BUCHANAN, EMPLOYEE; PLAINTIFF v. MITCHELL COUNTY OF
    NORTH CAROLINA, EMPLOYER; HARTFORD ACCIDENT & INDEMNITY,
    CARRIER; DEFENDANTS

No. 7710IC1002

(Filed 7 November 1978)

1. **Master and Servant § 94.2— workmen's compensation—agreement for compen-
   sation approved by Industrial Commission—binding effect**
       An agreement between the employer and workmen's compensation carrier
   and the employee for the payment of compensation benefits, when approved
   by the Industrial Commission, is binding on the parties thereto, but such
   agreement may be set aside when there has been error due to fraud,
   misrepresentation, undue influence or mutual mistake.

2. **Master and Servant § 94— workmen's compensation—findings of fact by In-
   dustrial Commission unnecessary**
       In a hearing upon defendants' request to be allowed to discontinue com-
   pensation payments to plaintiff, the Industrial Commission was not required to

make any findings of fact with respect to the employee's intoxication at the time of the accident or to draw any conclusions based on such findings, since the issue before the Commission was whether the agreement to pay compensation was entered into as a result of mutual mistake and was not whether the employee was intoxicated at the time of his injury.

**3. Master and Servant § 94— workmen's compensation—agreement for compensation—no mutual mistake—findings of fact unnecessary**

   Defendants' contention that the Industrial Commission erred by failing to find and conclude that the agreement to pay compensation to plaintiff was entered into through mutual mistake is wholly without merit, since there was no evidence in the record whatsoever that the agreement was entered into through a mutual mistake, and defendants showed only that they signed the agreement believing the claimant's injuries to be compensable.

APPEAL by defendants from order of the North Carolina Industrial Commission entered 13 September 1977. Heard in the Court of Appeals 18 September 1978.

On 5 January 1976, plaintiff Kenneth R. Buchanan, employee, entered into an agreement on I. C. Form 21 with defendants Mitchell County, employer, and Hartford Accident and Indemnity Company, the workman's compensation carrier, wherein the defendants agreed to make disability compensation payments to the plaintiff for an injury "arising out of and in the course of said employment." This agreement was approved by the North Carolina Industrial Commission on 16 January 1976.

Defendants thereafter made compensation payments to plaintiff totalling $2,169.29 as of 6 April 1976, when defendants applied to the North Carolina Industrial Commission for authorization "to stop payment of compensation to Kenneth Roy Buchanan on the grounds that at time of accident claimant was intoxicated and charged by investigating officer with DUI and discharge summary indicated acute alcoholic intoxication." Subsequently, a hearing was held and Chief Deputy Commissioner Forrest H. Shuford, II, by order filed 5 April 1977, concluded that "[t]he agreement for compensation under which certain benefits have been paid to and on behalf of plaintiff was entered into through mutual mistake and should be set aside."

On appeal the North Carolina Industrial Commission set aside the order of Chief Deputy Commissioner Shuford and ordered defendants to make payments in compliance with the terms of the original agreement.

*Teague, Johnson, Patterson, Dilthey & Clay, by C. Woodrow Teague and George W. Dennis III, for defendant appellants.*

*Pritchard, Hise & Peterson, by Lloyd Hise, Jr., for plaintiff appellee.*

HEDRICK, Judge.

[1]   An agreement between the employer and workmen's compensation carrier and the employee for the payment of compensation benefits, when approved by the Industrial Commission, is binding on the parties thereto. *Pruitt v. Knight Publishing Co.*, 289 N.C. 254, 221 S.E. 2d 355 (1976); *Neal v. Clary*, 259 N.C. 163, 130 S.E. 2d 39 (1963). Such an agreement, however, may be set aside when "there has been error due to fraud, misrepresentation, undue influence or mutual mistake." G.S. § 97-17.

The Commission correctly treated defendants' request to be allowed to discontinue compensation payments to plaintiff as a motion to set aside the agreement on I. C. Form 21 dated 5 January 1976 for the payment of compensation benefits. There is no allegation that the agreement to pay compensation was entered into through "fraud, misrepresentation, [or] undue influence." Consequently, the sole issue before the Commission was whether the agreement to pay compensation was entered into as a result of "mutual mistake."

[2]   By their first assignment of error, based on exceptions 4, 6, 7, 8, 9, 10, 11, 12 and 14, defendants contend that the Commission erred "in failing to find as a fact and conclude as a matter of law that the plaintiff-appellee was intoxicated at the time of his injury by accident, that the intoxicants consumed by the plaintiff-appellee were not supplied by his employer, that said intoxication was the proximate cause of his injury, and that plaintiff-appellee's claim for workmen's compensation benefits should be denied."

We note at the outset that the exceptions upon which this assignment of error is based relate primarily to the conclusions of law and the award and bear little or no relation to the Industrial Commission's failure to find facts. The issue before the Commission was whether the agreement to pay compensation was entered into as a result of "mutual mistake;" it was not whether the employee was intoxicated at the time of his injury. Thus,

there was no necessity for the commission to make any findings of fact with respect to the employee's intoxication at the time of the accident or for the Commission to draw any conclusions based on such findings. This assignment of error has no merit.

By their second assignment of error, based on exceptions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13 and 14, defendants contend the Industrial Commission erred "in awarding workmen's compensation benefits to the plaintiff-appellee and in ordering the defendant-appellants to pay the same, and erred in failing to find as a fact and conclude as a matter of law that the agreement for compensation of January 5, 1976 was entered into through mutual mistake and should be set aside." Exceptions 1, 2, and 3 challenge certain gratuitous legal opinions of the Commission and do not support the assignment of error. We therefore refrain from entering into an esoteric discussion of these exceptions.

The remaining exceptions upon which this assignment of error is based challenge the conclusions of law drawn by the Commission from the facts found and challenge the order requiring defendants to pay compensation to the plaintiff. In essence, defendants' second assignment of error raises the single question whether the facts found support the order entered.

The Commission has the duty to make specific findings of fact necessary to determine all questions relevant to the issues raised in a proceeding before it. G.S. § 97-91; *Spivey v. Oakley's General Contractors*, 32 N.C. App. 488, 232 S.E. 2d 454 (1977). On appeal, the Commission's findings of fact are conclusive and the role of the reviewing court is limited to ascertaining whether there was any competent evidence before the Commission to support its findings of fact and whether the findings of fact justify its legal conclusions and decision. *Inscoe v. DeRose Industries, Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977).

[3] Defendants have not challenged any of the facts found by the Commission. We hold that the findings of fact made by the Commission support its award. Defendants' contention that the Commission erred by failing to find and conclude that the agreement to pay compensation was entered into through mutual mistake is wholly without merit. There is no evidence in the record whatsoever that the agreement was entered into through a mutual

mistake. Thus, the Commission had no duty to make any findings or conclusions relative thereto.

Defendants have shown only that they signed the agreement believing the claimant's injuries to be compensable. To permit an employer and carrier to enter into an agreement with an employee and then later contest the agreement solely on the ground that the parties mistakenly believed the injuries to be compensable would seriously undermine the efficacy of the statutory provisions authorizing voluntary settlements by the parties.

We hold that the defendant carrier is bound by the Commission approved written agreement dated 5 January 1976 in which defendants agreed to pay and plaintiff agreed to accept monthly compensation payments.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.