WILLIAM D. MARTIN, EMPLOYEE-PLAINTIFF, APPELLANT v. PIEDMONT ASPHALT & PAVING CO., EMPLOYER-DEFENDANT, AND THE PMA GROUP, CARRIER-DEFENDANT, APPELLEES

No. 9210IC1319

(Filed 21 December 1993)

1. **Master and Servant § 69.3 (NCI3d) — workers' compensation — agreement approved by Industrial Commission — binding award**

   Where the parties' Form 21 agreement for the payment of workers' compensation to plaintiff was approved by the Industrial Commission, the agreement thereby became a binding award of the Commission.

   **Am Jur 2d, Workers' Compensation § 634 et seq.**

2. **Master and Servant §§ 77, 94.2 (NCI3d) — workers' compensation — termination by Form 24 application — absence of authority**

   An award of compensation by the Industrial Commission may be changed only upon statutory grounds. Therefore, compensation for "necessary" weeks could not be terminated by administrative approval of a Form 24 Application to Stop Compensation filed by the employer or its insurance carrier. This decision shall have only prospective application.

   **Am Jur 2d, Workers' Compensation § 651 et seq.**

On certiorari from the North Carolina Industrial Commission. Heard in the Court of Appeals 15 November 1993.

Plaintiff was injured on 13 September 1989 while working for the employer-defendant. The parties entered into an Industrial Commission Form 21 Agreement which was approved by the Commission on 1 November 1989. This agreement reflects that plaintiff's average weekly wage was $330.00. The carrier-defendant paid plaintiff weekly disability benefits of $220.00 under the Form 21 Award until 7 August 1990, when the claims adjuster stopped payments to plaintiff and mailed a Form 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation (hereinafter Form 24) to the Chief Claims Examiner, alleging that the claimant was seen working with no difficulties. The carrier mailed a copy of the Form 24 to the plaintiff. The adjuster did not send plaintiff a copy of the "attachments" to the Form 24, a two-page typed

private investigative report, which was not signed, identified, or authenticated.

On 23 August 1990, Chief Claims Examiner Martha Barr approved the carrier's application to set aside plaintiff's Form 21 Award and disability benefits, thereby officially terminating compensation to plaintiff. On 3 July 1991, plaintiff filed a Form 33 Request for Hearing seeking past due and continuing benefits and medical care. On 22 August 1991, defendants filed a Form 33R Response to Hearing Request. A hearing was subsequently scheduled for 5 November 1991. At this hearing, the Deputy Commissioner heard testimony from plaintiff and from the witnesses called by the defendants. Pursuant to an order of 15 November 1991, which held the evidence open for a period of sixty (60) days, the parties took the deposition testimony of several witnesses on the question of whether plaintiff was or was not disabled. Additionally, the evidence was held open in order to allow plaintiff to take the deposition testimony of Chief Claims Examiner Martha Barr regarding the Form 24 procedure. After the hearing, plaintiff moved for a ten-percent penalty under N.C. Gen. Stat. § 97-18(e), and attorneys' fees under G.S. § 97-88.1.

On 3 June 1992 Deputy Commissioner Nance entered an Opinion and Award which held that plaintiff was continuously disabled from 7 August 1990 and therefore entitled to temporary total disability benefits from that date "until further order of the Industrial Commission." The Award did not address plaintiff's statutory and constitutional arguments concerning the Form 24 adjudication and procedure, or plaintiff's motions for attorneys' fees and a penalty.

In a letter dated 3 September 1992, Deputy Commissioner Nance informed the parties that she was holding in abeyance a decision on plaintiff's constitutional challenges to the Form 24 "pending ultimate resolution of this question by the Court of Appeals or Supreme Court" in one of two other cases before the Commission involving these issues. Plaintiff then appealed to the Full Commission, seeking review of the Form 24 procedure and Rules 404 and 703 on statutory and constitutional grounds.

Plaintiff simultaneously appealed to the Court of Appeals. On 19 November 1992, plaintiff served a proposed Record on Appeal on counsel for the defendants. On 24 November 1992, before defendants were required to serve objections, amendments, or a proposed alternative Record on Appeal, the Commission entered an Order

MARTIN v. PIEDMONT ASPHALT & PAVING CO.

[113 N.C. App. 121 (1993)]

of Dismissal of plaintiff's appeal to the Court of Appeals. Relying on this Order of Dismissal, defendants did not serve objections, amendments, or a proposed alternative Record on Appeal. Plaintiff then submitted a Record on Appeal to the Court of Appeals and the case was docketed. Defendants moved this Court to dismiss the appeal on the alternative grounds that this Court lacks jurisdiction since there has been no final order entered by the Industrial Commission from which appeal may be taken; or that if this Court has jurisdiction, the appeal should be dismissed for lack of a justiciable issue.

Meanwhile, plaintiff has received no compensation for his disability since 7 August 1990.

*Walden & Walden, by Daniel S. Walden and Margaret D. Walden, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo and Paige E. Williams, for carrier defendants-appellees.*

WELLS, Judge.

Plaintiff's attempted appeal is from an order of a Deputy Commissioner, and not from a final order of the Full Commission, and is therefore not an appeal of right. *See* G.S. § 7A-29; G.S. § 97-86. Simultaneously with the docketing of his attempted appeal, plaintiff properly filed with this Court a Petition for a Writ of Certiorari to review the questions presented in his attempted appeal. Because there are matters of important public policy presented by the record in this case, pursuant to the provisions of G.S. § 7A-32(c) and Rule 21(a)(1) of the Rules of Appellate Procedure, we deem it appropriate to issue certiorari to review the actions and proceedings of the Industrial Commission presented by this record.

[1] We begin by reiterating that subsequent to his work-related injuries, plaintiff's employer agreed to pay him compensation of $220.00 per week beginning 14 September 1989 and continuing for "necessary" weeks. This agreement was approved by the Industrial Commission, and thereby became an award of the Commission. *See* G.S. § 97-17; *see also Buchanan v. Mitchell County*, 38 N.C. App. 596, 248 S.E.2d 399 (1978), *disc. review denied*, 296 N.C. 583, 254 S.E.2d 35 (1979). Such an award has the same binding effect as if plaintiff's claim had been adjudicated by a Commission hearing and award. *Brookover v. Borden, Inc.*, 100 N.C. App. 754,

398 S.E.2d 604 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 450 (1991).

[2]   The record before us reflects that the Industrial Commission has established an administrative procedure which allows and condones the termination of compensation by an employer and the employer's insurance carrier by the mere filing of an Industrial Commission created form (Form 24) notifying the "Commission" and the employee that compensation is being terminated.

In this case, the Form 24 Application to Stop Compensation was "on the grounds that claimant was seen working with no difficulty: see attached." What was "attached" to the Form 24 was a type-written, unsigned document which purported to be a report of observation of plaintiff working on the engine of a used motor vehicle located in the yard of plaintiff's residence, and the observation that there were numerous used motor vehicles, along with "engine parts," scattered about the premises.

The record reflects that the Industrial Commission receives about 150 such Form 24s each week. When these are received at the Commission, they go to the desk of the Chief Claims Examiner, who, at the time pertinent to this case, was Ms. Martha Barr. The Form 24 applications are "processed" by the Chief Claims Examiner without reference to any other proceedings. Some are "approved," some are "denied." In this case, the Form 24 bears a stamp noting "APPROVED—August 23 1990—NORTH CAROLINA INDUSTRIAL COMMISSION." The stamp also reflects the handwritten date of 8-23-90 and Ms. Barr's initials. Pursuant to this application, defendants stopped payment of plaintiff's compensation as of 7 August 1990.

The Form indicates on its face that a copy was mailed to plaintiff at his home address. The bottom of the form bears the following:

> NOTICE TO EMPLOYEE: IF THERE IS ANY REASON WHY PAYMENT OF COMPENSATION TO YOU SHOULD NOT CEASE, YOU SHOULD NOTIFY THE INDUSTRIAL COMMISSION STATING SUCH REASON IN WRITING IMMEDIATELY UPON RECEIPT OF THIS NOTICE.

The Form 24 practice at the Commission is apparently carried out pursuant to Commission rules:

MARTIN v. PIEDMONT ASPHALT & PAVING CO.

[113 N.C. App. 121 (1993)]

### RULE 404. TERMINATION OF COMPENSATION

(1) Payments of compensation undertaken pursuant to an award of the Industrial Commission shall continue until the terms of the award have been fully satisfied; provided, however, that in cases where the award is to pay compensation during disability, *there is a rebuttable presumption that disability continues until the employee returns to work.*

(2) No insurance carrier or employer shall cease payment of compensation before the terms of the award have been fully complied with, unless and until such insurance carrier or employer has received approval of a proper request filed with the Industrial Commission. The reasons supporting such request shall be stated in full on the form prescribed, with supporting documents attached. A copy of the form, *together with all attachments* and supporting documents shall be mailed to or served upon the employee *or* his current attorney of record, if any. *If defendant seeks to terminate compensation through a Form 24 application, it shall file it within twenty-one (21) days of the date defendant contends it was entitled to terminate compensation, or within a reasonable time of receipt of evidence alleged in support of the application. The request must be mailed to the Commission within five days of said date. The request and any response shall be addressed to the Commission's Chief Claims Examiner.*

(3) *The Chief Claims Examiner will await a response from the plaintiff for 14 days from the date the request is received,* and will take such action with reference thereto as appears to be proper under the circumstances; and, where indicated, will place the case upon the hearing docket to be heard in the usual manner. *The disappointed party may seek relief as provided in Rule 703, Appeals from Administrative Decisions.*

(4) No request to discontinue the payment of compensation shall be approved without a hearing if the effect of such approval is to set aside the provisions of the agreement under which compensation is being paid.

It is clear from the record in this case and the wording of the foregoing Rule that the Commission has exceeded its authority. Once an award is made by the Commission, it can be changed only upon statutory grounds. For example, under G.S. § 97-27,

payment of awarded compensation may be suspended for the period an employee refuses to submit to an employer-requested or a Commission-ordered medical examination. *See also* G.S. § 97-32 (refusal to accept suitable employment). More pertinent to the question in this case, pursuant to the terms of G.S. § 97-47, an employer may seek to have an award amended based upon a change of the employee's disability condition.

There is, however, no statutory authority for the "Administrative" termination of an award, and we therefore hold that the Commission's "Form 24" proceedings in this case were unlawful, and that the termination of plaintiff's compensation was unlawful and therefore invalid.

Plaintiff has raised other questions which we deem inappropriate or not necessary to address for resolution of this case under our writ.

In conclusion, we treat the "Approval" of the Form 24 on 23 August 1990 as an invalid order of the Commission and hold that plaintiff is entitled to the payment of his previously awarded compensation. Upon remand, the Commission shall issue such further order as may be appropriate to secure payment of plaintiff's previously awarded compensation, consistent with this opinion.

We have carefully weighed and considered the impact of our decision upon those affected — injured workers, employers and their insurance carriers. It is our judgment that our decision shall have prospective operation. *See generally, Insurance Co. v. Ingram, Comr. of Insurance*, 301 N.C. 138, 271 S.E.2d 46 (1980), *reh'g denied*, 301 N.C. 728, 274 S.E.2d 227 (1981). Form 24 proceedings pending before the Commission as of the date of certification of our opinion shall be terminated consistently with our opinion. Form 24 applications received on and after the date of certification of our opinion shall be rejected.

Reversed and remanded.

Chief Judge ARNOLD and Judge JOHNSON concur.