The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between plaintiff-employee and defendant-employer.
3. Defendant is a duly qualified self-insurer with Consolidated Administrators, Inc. as its servicing agent.
4. The parties entered into an Industrial Commission Form 21, which the Industrial Commission approved on December 3, 1993.
5. Plaintiff has received compensation for temporary-total disability since September 8, 1993.
6. Plaintiff's average weekly wage is $432.00, which yields a compensation rate of $288.01.
7. The Pre-Trial Agreement, incorporated herein by reference, which includes plaintiff's medical records from Dr. Frank C. Morrison, Dr. Alexander S. McKinney, Dr. James Lipsey, Dr. L. S. Van Blaricom, Dr. James J. Hoski, St. Joseph's Hospital and Haywood County Hospital.
* * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 32 years old, had an eleventh grade education and had been employed primarily in construction for most of his working life.
2. On September 8, 1993, plaintiff was employed as a loader for Terry Brothers Construction Company and was operating a loader at Lake Pointe Landing in Hendersonville. While operating the loader, he noticed a grade stake in front of him that he had accidentally covered with dirt. After dismounting the loader and bending down to uncover the stake and stand it upright, he attempted to straighten to a standing position but was unable and felt a sudden sharp pain in his back.
3. On September 8, 1993, he reported back pain to his supervisor, Danny Robinson. Subsequently, on September 8, 1993, plaintiff had lunch with Harry Wallace, a co-worker who noticed plaintiff was experiencing discomfort. Plaintiff told Mr. Wallace that his back had been bothering him and mentioned moving dirt off the grading stake. During lunch with Mr. Wallace, plaintiff also related his pain to Tommy Candler, a superintendent who was seated with Danny Robinson in a truck, and informed him that he was going to leave to go to the doctor. Mr. Candler found a replacement for plaintiff while he went to the doctor.
4. On September 8, 1993, Dr. Frank C. Morrison saw plaintiff for lower back pain radiating into both legs that had begun on that day and diagnosed acute lumbosacral strain. Plaintiff reported to Dr. Morrison that he suffered "no known injury other than bending over". Subsequently, on September 20, 1993, Dr. Morrison referred plaintiff to Dr. Lipsey, an orthopedist.
5. On September 9, 1993, plaintiff telephoned the office, reported his back injury from the day before to Wendell Howard, vice-president of the company, and notified Mr. Howard that he would be out of work for a couple of days. Although plaintiff stated that he was not sure if his injury was work-related, this was due to the fact that he did not know the extent of his injury and his understanding that for a claim to be work-related he had to miss seven days of work. In addition, plaintiff reported back problems to Garland Terry, president of the company, although again at first he stated that his back injury was not a workers' compensation claim.
6. Plaintiff was seen by Dr. Lipsey on September 28, 1993 for back pain and reported that his pain had begun when he dismounted his loader to pick up a stake, at which time it was difficult for him to straighten his back due to pain in his lower back. Dr. Lipsey diagnosed lumbar sprain and treated plaintiff conservatively.
7. On December 2, 1993, plaintiff underwent an MRI which revealed a left-sided disc herniation at L5-S1. Plaintiff remained under Dr. Lipsey's care and began receiving epidural injections as part of his course of treatment. On January 11, 1994, Dr. Lipsey recommended surgical intervention and plaintiff was referred to Dr. VanBlaricom for a second opinion in which he concurred with Dr. Lipsey.
8. On May 17, 1994, plaintiff was seen by Dr. Hoski who recommended surgical intervention but later withdrew this opinion and instead recommended a work hardening program. Plaintiff remained under Dr. Hoski's care at the time of the hearing before the Deputy Commissioner.
9. Pursuant to a Form 21 Agreement approved by the Commission on December 3, 1993, defendant paid plaintiff temporary total disability benefits for his injuries from September 8, 1993 continuing until the date of the hearing before the Deputy Commissioner.
10. Plaintiff's version of the events surrounding his work-related incident is internally consistent, corroborated by other witness testimony and the Form 19. Furthermore, the history and versions of the events surrounding his work-related incident which he related to Drs. Morrison, Lipsey, Blaricom, and Hoski are substantially consistent, other than minor inconsistencies which do not rise to the level of misrepresentation by the plaintiff to his doctors. Therefore, plaintiff's testimony is credible. Furthermore, any testimony of the other witnesses lacks credibility, inasmuch as it is contrary or inconsistent to that of plaintiff, the witnesses' testimony corroborating plaintiff, and the doctor's reports. Weighing the credible evidence of record, there is insufficient evidence from which to determine by its greater weight that the Form 21 Agreement should be set aside on the grounds of misrepresentation or any other grounds.
11. Plaintiff has been medically excused from performing his job as a loader with defendant since September 8, 1993 and continuing until the close of the evidentiary record in this case. Since September 8, 1993, plaintiff has been unable to earn any wages in his former employment as a loader or any other employment.
12. Evidence presented regarding plaintiff's sitting on or riding a motor-cycle is insufficient to show that plaintiff is no longer disabled.
* * * * * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 8, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment when he dismounted a loader to uncover and straighten a grating stake and upon attempting to stand upright felt a sudden and sharp pain in his back. N.C. Gen. Stat. § 97-2 (6).
2. Considering the credible evidence of record, the approved Form 21 Agreement should not be set aside because of error due to misrepresentations made by plaintiff to defendant. N.C. Gen. Stat. § 97-17. Buchanan v. Mitchell County, 38 N.C. App. 596,248 S.E.2d 399 (1978).
3. Plaintiff is entitled to temporary total disability at the rate of $288.01, subject to a reasonable attorney's fee, beginning September 8, 1993 and continuing until plaintiff returns to work, sustains a change of condition, or further Order of the Industrial Commission. Defendant is entitled to a credit for all compensation paid to plaintiff since September 8, 1993 pursuant to the approved Form 21 Agreement.
4. Plaintiff is entitled to payment for any related medical treatment that tends to effect a cure, provide needed relief or lessen the period of disability.
* * * * * * * * * * * * * *
Based on the foregoing stipulations, findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total benefits in the amount of $288.01 per week, subject to an attorney's fee hereinafter approved, beginning September 8, 1993 and continuing until plaintiff returns to work, sustains a change of condition, or further Order of the Industrial Commission.
2. Defendant shall pay all related medical bills when the same have been submitted pursuant to approved Industrial Commission procedure.
3. Defendant is entitled to a credit for all compensation paid to plaintiff pursuant to the approved Form 21 since September 8, 1993.
4. Plaintiff's attorney is entitled to an attorney's fee in the amount of 25 % of the compensation due under this Award. 25 % of the lump sum currently due under this Award shall be paid directly to plaintiff's attorney and thereafter payment shall be made by directing every fourth check directly to plaintiff's attorney.
5. Defendant shall bear the costs due the Commission.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER