The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence as a whole, the undersigned reach different facts and conclusions from those reached by the deputy commissioner. The Full Commission in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate Award. Accordingly, the March 31, 1997, Opinion and Award by Deputy Commissioner Hoag is HEREBY VACATED.
The Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer is self-insured with Alexsis as the adjusting agent.
4. The Form 22 reflects an average weekly wage of $278.25, yielding a weekly compensation rate of $185.51.
5. Defendant is paying temporary total disability pursuant to a Form 21 approved by the Industrial Commission on March 24, 1994.
6. The parties tendered two bound packages of exhibits.
7. The issues for determination are:
a. Is plaintiff entitled to permanent total disability?
b. If not, to what benefits is plaintiff entitled?
 c. May Dr. Mark Roy be plaintiff's designated treating physician?
 d. Is defendant-employer due a credit for any permanent partial disability for benefits paid since August 24, 1994?
***********
Based upon all of the competent, credible, and convincing evidence of record and reasonable inferences drawn therefrom, the undersigned make the following additional
 FINDINGS OF FACT
1. Plaintiff is a married male who lives with his wife. He is thirty-nine years of age and is a high school graduate. Plaintiff knows how to drive but has not had a North Carolina driver's license for some time due to convictions for driving while intoxicated. Plaintiff's work has been predominantly as a laborer.
2. Plaintiff was employed by defendant-employer as a laborer. On May 11, 1993, plaintiff sustained a compensable injury to his back when a co-worker dropped one end of the extremely heavy piece of wood plaintiff was helping him carry, leaving plaintiff to bear the weight alone.
3. Plaintiff was diagnosed with the soft tissue injury of a back strain. He was referred to Dr. Stephen Robinson for a neurological evaluation and underwent medical treatment and physical therapy for his condition. Dr. Robinson reviewed spinal x-rays taken in June, 1993, which demonstrated narrowing at T12-L1, with slight compression at T12. The changes at T12-L1 were "old" and were caused either by trauma remote in time from 1993 or gradually as a result of degenerative disc disease. An MRI taken on August 10, 1993 revealed no evidence of disc herniation or nerve root compression.
4. On September 29, 1993, plaintiff presented to Dr. Albert Bartko of the Moses H. Cone Rehabilitation Center with continued complaints of back pain. Dr. Bartko reviewed plaintiff's August 10, 1993 MRI and noted a very mild disc bulge at L5-6, not abutting any nerve roots. Dr. Bartko diagnosed plaintiff with musculoligamentous strain of the lumbosacral spine and possible right L5 radiculopathy. He recommended conservative treatment.
5. On October 6, 1993, plaintiff was referred to Thera Sport for physical therapy. Dr. Bartko released plaintiff from his care and found him to be at maximum medical improvement on November 4, 1993. Plaintiff was given a permanent partial impairment rating of five percent by Dr. Bartko.
6. Plaintiff underwent a Functional Capacity Evaluation at Triad Therapy Services on November 11, 1993. Plaintiff exhibited some signs of symptom magnification. However, he was able to lift in the light category, up to ten pounds frequently, and up to twenty pounds occasionally. He was rated as being able to sit, stand, walk, reach and grasp frequently; twist, squat, crawl and climb stairs and ladders occasionally, and perform finger manipulation constantly. Plaintiff was rated as being able to work eight hours a day and capable of driving fifty miles per day, with breaks every thirty minutes. There is no evidence of record which contradicts these findings. Nor is there any medical evidence of record indicating plaintiff is not capable of performing work within the listed restrictions.
7. A Form 21 was approved by the Industrial Commission on March 24, 1994. Defendant-employer agreed to compensate plaintiff at a rate of $185.51 per week for necessary weeks.
8. Plaintiff had returned to Dr. Robinson on March 10, 1994, for a follow-up evaluation. He underwent a repeat MRI on March 17, 1994. The March MRI revealed a new central and left subligamentous disc protrusion at the L4-5 level but no evidence of right-sided nerve root compression. Plaintiff had lumbar disc disease and a musculoligamentous injury but did not require surgical intervention. According to Dr. Robinson, plaintiff would not be able to return to heavy labor or to do work requiring frequent bending or lifting.
9. After being released to return to work, plaintiff was referred for vocational rehabilitation to Genex. Vocational rehabilitation consultant, Grover Yancey, provided plaintiff with vocational counseling from February 18, 1994 to September 15, 1994, a total of 28 4/7 weeks, but was unable to locate any job within the area, or the surrounding area, where Mr. Terry lived, as of September of 1994.
10. From February 18, 1994 through September 15, 1994, plaintiff was provided with job leads by Mr. Yancey through the Employment Security Commission. Plaintiff insisted at the initial hearing, and the undersigned find it credible and convincing, that he actively sought employment, to no avail. Plaintiff admitted at the initial hearing he had not had a valid North Carolina driver's license for many years due to three DWI convictions.
11. At the time of the initial hearing, defendant attempted to introduce into the record the vocational rehabilitation records of Mr. Yancey for their substantive value. Mr. Yancey did not appear at the initial hearing to testify and subject himself to cross-examination, despite being subpoenaed to appear. He further failed to appear even when he was subpoenaed to several depositions. His vocational reports were rendered by defendant and admitted into the record over objection by the plaintiff, as business records. As there was no live testimony by Mr. Yancey, the undersigned are on equal footing with the deputy commissioner as to any credibility determination with regard to these documents. In light of Mr. Yancey's failure to appear despite repeated subpoenas, the undersigned find the truthfulness and accuracy of the records submitted to be suspect and thus give them no weight. The undersigned find the assertions made in the record to thus lack credibility or convincingness, and they are therefore disregarded.
12. At this time, plaintiff is in need of additional medical treatment, and the undersigned find that treatment by Dr. Mark Roy is reasonably required as it may effect a cure, give relief, or tend to lessen plaintiff's period of disability.
13. Pursuant to the approved Form 21 Agreement, plaintiff remains temporarily totally disabled at this time, as defendant has not sufficiently or convincingly rebutted the presumption of ongoing disability. As such, plaintiff is entitled to ongoing weekly benefits.
14. Any vocational rehabilitation services provided by defendant must be cooperated with and complied with by the plaintiff, who shall be subject to a possible suspension of benefits for unjustified refusal to comply with reasonable rehabilitation efforts.
15. This hearing was not brought or defended without reasonable grounds and was not the result of stubborn unfounded litigiousness.
***********
The foregoing stipulations and findings of fact engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff remains temporarily totally disabled at this time and is entitled at this time to ongoing temporary total disability compensation in accord with the Form 21 Agreement approved by the Commission on March 24, 1994, and continuing until plaintiff returns to work at equal or greater wages or until further order of the Commission. Kisiah v. W. R. KisiahPlumbing, Inc., 124 N.C. App. 72, 476 S.E.2d 434 (1996),disc. rev. denied 345 N.C. 343, 483 S.E.2d 169 (1997).
2. Plaintiff is entitled to and in need of further medical treatment, and treatment by Dr. Mark Roy is HEREBY AUTHORIZED AND APPROVED at this time. G.S. § 97-25.
3. Plaintiff shall comply with reasonable vocational rehabilitation efforts as provided by defendant, or be subject to the suspension of his ongoing weekly benefits. G.S. § 97-25.
4. Plaintiff is not entitled to G.S. § 97-88.1 attorney's fees, as defendant did not bring this action without reasonable ground.
***********
The foregoing stipulations, findings of fact, and conclusions of law, engender the following
 AWARD
1. Defendant shall pay plaintiff ongoing temporary total disability benefits pursuant to the Form 21 Agreement from March 24, 1994, until such time as plaintiff returns to suitable employment at the same or greater than pre-injury wages or until further order of the Commission. Any amounts as have accrued or been unpaid to date shall be payable to plaintiff in a lump sum.
2. Defendant shall pay for medical treatment, including that by Dr. Mark Roy, which is reasonably required to effect a cure, give relief, or which tends to lessen plaintiff period of disability, once bills for the same are properly submitted through defendant's servicing agent.
3. Plaintiff is HEREBY ORDERED to comply and cooperate with reasonable vocational rehabilitation efforts by defendant, or be subject to the suspension of ongoing weekly benefits.
4. Plaintiff's request for G.S. § 97-88.1 attorney's fees is HEREBY DENIED.
5. Defendant shall pay the costs.
This case is HEREBY REMOVED from the Full Commission docket.
This the 4th day of May 1998.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
JHB/kws