* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser. Having reviewed the competent evidence of record the Full Commission finds and orders the following.
1. The parties executed two separate form agreements in this claim. The first was an Industrial Commission Form 21 Agreement for Compensation, which was approved on 7 June 1999, pursuant to which defendants accepted the compensability of the claim and agreed to pay total disability compensation. The second was an Industrial Commission Form 26 Supplemental Agreement for Compensation, which was approved on 27 September 2001, pursuant to which defendants agreed to pay plaintiff permanent partial disability benefits for the twenty percent (20%) rating to his right lower extremity.
2. The parties entered into a Form 21 Agreement in I.C. No. 953894 whereby defendant agreed to pay and plaintiff agreed to accept forty (40) weeks of permanent partial *Page 2 
disability benefits based upon the twenty percent (20%) permanent partial disability rating assigned to plaintiff's left leg. This Agreement was executed by the parties and their respective counsel and was approved by the North Carolina Industrial Commission on 7 December 2001. Defendant has paid, and plaintiff has received, all benefits pursuant to the provisions of this Form 21 Agreement.
3. The relevant statutory language for plaintiff's contention that the Form 21 and From 26 agreements in I.C. Nos. 924831 and 953894 should be voided was amended by the General Assembly in August 2005. The amended language of N.C. Gen. Stat. § 97-82(a) provides that memoranda of agreement must be accompanied by material medical and vocational reports necessary to render a fair and just decision. The amendment was ratified 24 August 2005 and approved 29 September 2005.
4. The statutory law applicable to this case is that which was in effect at the time liability for disability was admitted by defendants. Therefore, plaintiff's claims were not pending at the time the 2005 amendment was ratified into law. Kisiah v. W.R. Kisiah Plumbing,Inc., 124 N.C. App 72, 476 S.E.2d 434 (1996)(See FN1).
5. Plaintiff is hereby ORDERED to submit medical records pertaining to his injuries as of the date of submission of his Form 21 and Form 26 along with a Form 25A Certification of Material Medical and Vocational Records.
6. The Full Commission retains jurisdiction over this matter.
This the 5th day of December 2006.
 S/________________ BUCK LATTIMORE CHAIRMAN *Page 3 
CONCURRING:
 S/________________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________________ THOMAS J. BOLCH COMMISSIONER *Page 1