The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings and the briefs and oral arguments before the Full Commission. Plaintiff has shown good cause to reconsider the evidence. The Full Commission, having reviewed the evidence in its entirety, reverses the prior Opinion and Award and enters the following Opinion and Award:
 ***********
The Full Commission finds as follows:
 FINDINGS OF FACT
1. On 23 February 1990, plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant-employer.
2. Defendants admitted liability for the injury and paid compensation to plaintiff beginning on 30 March 1990. Plaintiff's average weekly wage was $337.20 yielding a compensation rate of $224.81. However, a Form 21 agreement was not approved during that time.
3. On or about 4 February 1991, plaintiff and defendants entered into both Form 21 and Form 26 agreements. At the time, plaintiff had been released to return to work by his treating physician with significant restrictions. His employment with defendant-employer had been terminated as the employer had no jobs available within plaintiff's limitations.
4. The Form 21 agreement accepted plaintiff's claim as compensable, but attempted to limit plaintiff's entitlement to temporary total disability benefits merely to the period already paid, despite his continuing disability.
5. The Form 26 agreement provided for payment of permanent partial disability benefits only, despite the fact that plaintiff had not returned to work in any capacity, had received no retraining, had received no job offers, had received no vocational rehabilitation services, and had been terminated by defendant-employer at the time the agreement was entered into.
6. On or about 4 February 1991, plaintiff could not have made an informed election of benefits pursuant to G.S. 97-29, 30 or 31 since he had not returned to suitable employment and the more favorable remedy from the choices available to him of permanent partial disability, a wage-loss claim or permanent total disability could not be evaluated.
7. On 10 October 1991, the Form 26 agreement for permanent partial disability benefits only was approved by the North Carolina Industrial Commission.
8. On 31 October 1991, the Form 21 agreement was approved by the North Carolina Industrial Commission.
9. The Rules of the Industrial Commission require submission of medical records with agreements to be approved. Medical records submitted with the Form 21 and 26 agreements and present in the file on 10 October 1991 were certified by the North Carolina Industrial Commission and received in evidence as exhibits.
10. Medical records in the North Carolina Industrial Commission file on 10 October 1991 at the time the Form 26 agreement was received and considered included records from plaintiff's treating physician subsequent to 4 February 1991 documenting multiple medical visits and treatment for back pain, muscle spasms, diagnostic testing which revealed scar tissue, possible bulging under the nerve root, stenosis and bear the notations "no work."
11. The records present in the North Carolina Industrial Commission file at the time the Form 26 was received and considered are undisputed. The Full Industrial Commission is in a position equal to the Deputy Commissioner to review these records for the purpose of determining whether the Form 26 agreement was fair and just at the time approved on 10 October 1991 in order to assure that the settlement is in accord with the intent and purpose of the Act that an injured worker receive the disability benefits to which he is entitled, and, particularly, that an employee qualifying for disability compensation under both §§ 97-29
and -31 have the benefit of the more favorable remedy.
12. Had the medical records present in the Industrial Commission file at the time the Form 26 was approved on 10 October 1991 been fully investigated, it would have been apparent that the Form 26 was not fair and just and in accord with the intent and purpose of the Act.
13. The Form 26 agreement was improvidently approved by the Industrial Commission on 10 October 1991 and should be set aside.
14. Defendants are entitled to a credit for benefits actually paid under the Form 26 agreement against other benefits allowed herein to the end that duplicate benefits are not received by plaintiff for the same period of time.
15. Plaintiff has not returned to work since his injury by accident in the same or any other employment. No suitable employment has been offered or even identified. No retraining or other vocational assistance has been provided.
16. Plaintiff has received no benefits of any kind since the last compensation check was forwarded on 26 April 1992 as indicated on Plaintiff's Exhibit 3, a certified copy of Form 28B.
17. Records before the Industrial Commission at the time the Form 26 was approved on 10 October 1991 did not indicate that plaintiff was capable of earning the same wages he had earned before his injury in the same or other employment.
18. As a result of plaintiff's injury by accident, he has been incapable of earning wages with defendant-employer or in any other employment from 23 February 1990 through the date of the hearing and continuing.
19. Plaintiff is entitled to medical care for injuries resulting from this compensable accident and will likely require such care in the future.
20. Plaintiff reached maximum medical improvement on 1 August 1991.
21. Medical and other evidence developed subsequent to approval of the Form 26 have been reviewed and are not dispositive of the issue presented herein, namely whether the Form 26 was improvidently approved based on the information available at thetime.
22. The Deputy Commissioner's credibility determination is also not entitled to any weight for the reasons that (a) it was based on evidence developed in a subsequent proceeding not known at the time the Form 26 was approved and in which plaintiff had the burden to prove a change of condition; (b) it failed to take into account the legal presumption of continuing disability following approval of the Form 21 shifting the burden of proof to defendants.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Form 26 agreement was improvidently approved by the Industrial Commission on 10 October 1991 under circumstances in which a full investigation of the medical records present in the Industrial Commission file would have established that the agreement was not fair and just. N.C.G.S. § 97-82; Vernon v.Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191 (1994);Biddix v. Rex Mills, Inc., 237 N.C. 660, 75 S.E.2d 777 (1953);Caudill v. Chatham Manufacturing Co., 258 N.C. 99, 128 S.E.2d 128
(1962).
2. As a result of the 23 February 1990 specific traumatic incident and subsequent surgery, plaintiff has been incapable of work in his former position with defendant-employer or any other employment beginning on said date and continuing. See, G.S. § 97-29; Russell v. Lowes Product Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993); Radica v. Carolina Mills, 113 N.C. App. 440,439 S.E.2d 185 (1994); Franklin v. Broyhill FurnitureIndustries, 123 N.C. App. 200, 472 S.E.2d 382 (1996); Kisiah v.W.R. Kisiah Plumbing, Inc., 124 N.C. App. 72, 476 S.E.2d 434
(1996).
3. As a result of plaintiff's specific traumatic incident and resulting disability, plaintiff is entitled to temporary total disability compensation at the rate of $224.81 per week from 27 April 1992 and continuing until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation. N.C.G.S. § 97-29.
4. Plaintiff is entitled to have defendants pay for all reasonable medical treatment arising from his specific traumatic incident when bills for the same have been submitted by defendant-carrier to the Industrial Commission and approved by the Commission. N.C.G.S. 97-25.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to an attorneys' fee hereinafter approved, defendants shall pay temporary total disability compensation to plaintiff at the rate of $224.81 per week from 27 April 1992 and continuing.
2. A reasonable attorneys' fee in the amount of thirty-three and one third percent (33 1/3%) of the accrued compensation benefits due under the above award is approved for plaintiff's counsel, which shall be deducted from said award and paid directly to plaintiff's counsel. Thereafter, counsel for plaintiff shall receive thirty-three and one third percent (33 1/3%) of the compensation paid to plaintiff's counsel. The fee takes into consideration that this case has gone through two hearings before a Deputy Commissioner, two appearances before the Full Commission and one trip to the N.C. Court of Appeals.
3. Defendants shall pay all reasonable medical expenses which have been or will be incurred by plaintiff as a result of the specific traumatic incident of 23 February 1990 when bills for the same have been submitted.
4. Defendants shall bear the costs.
This the _____ day of April 1998.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db