The Full Commission has reviewed the prior Opinion and Award of the Deputy Commissioner in light of the record of the proceedings, and has considered the arguments of counsel for both parties. The appealing parties have shown good grounds to reconsider the evidence. Upon such reconsideration, the Full Commission modifies the decision of the Deputy Commissioner. The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Agreement approved April 10, 1990 appears in the Commission file.
2. On January 22, 1990, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date, Wausau Insurance Company provided the coverage to the employer as provided under said Act.
5. The plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on January 22, 1990.
6. On said date the plaintiff was earning an average weekly wage of $160.00.
7. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by the accident occurring on January 22, 1990?
 b. If so, is the plaintiff capable of returning to the work force as contemplated by the North Carolina Workers' Compensation Act?
 c. If so, to what further compensation, if any, is the plaintiff entitled under the Act?
8. The parties further stipulate as follows:
 a. The plaintiff began his employment with the defendant-employer approximately March 1989 and last performed the duties of said employment January 22, 1990.
 b. Compensation has been paid to the plaintiff by the defendants from January 23, 1990 to February 12, 1991.
 c. The defendants will provide the plaintiff with copies of the reports of Bonnie Kennedy.
Subsequent to the hearing on May 22, 1996, the parties entered the following documentation into the record which has been considered by the Full Commission in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Approximately 150 pages of documentation and medical records.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff is a male who was sixty-four years of age on the date of the hearing before the Deputy Commissioner. He completed the ninth grade and served as a medic in the Army for about two years from 1955-57.
2. On January 22, 1990, the plaintiff sustained a compensable injury by accident, while in the course of lifting a 54 pound bag of feed or fertilizer while performing his job duties for the defendant-employer, which resulted in a low back strain. As a result, Plaintiff lost time from work. The defendants entered a Form 21 agreement to pay plaintiff compensation for "necessary" weeks, but paid benefits only through February 12, 1991.
3. Following his injury by accident, the plaintiff was initially treated by his family physician and a chiropractor. Plaintiff later came under the care of Dr. Mark Brenner of Pinehurst Surgical Clinic, who consistently followed plaintiff through October, 1991. Plaintiff was receiving compensation benefits during part of this time and had not returned to work.
4. As of March 18, 1991, Dr. Brenner was of the opinion that plaintiff had reached a clinical end point as to any improvement. He anticipated that the plaintiff would be rated with a ten percent permanent impairment to his back. There is no evidence that he released the plaintiff to return to work at that time. Dr. Brenner continued to follow plaintiff.
5. An MRI done on September 19, 1991 showed some slight central bulging of the disc at L4-5, but no indication of nerve root encroachment which would explain plaintiff's continued complaints of pain. Although there was no disc herniation indicated on the MRI, Dr. Brenner advised the plaintiff that surgery might be a treatment option. However, the plaintiff has elected not to pursue surgery.
6. As of November 4, 1991, Dr. Brenner released the plaintiff to light duty work with no repetitive bending, stooping or twisting and no lifting of more than 15 to 20 pounds. The plaintiff could not return to his prior employment with the defendant, as it was not within his restrictions. There is no evidence that defendants offered plaintiff any light duty within his capabilities at that time. Plaintiff did not return to any other employment at that time and there is no evidence that any suitable employment was otherwise available to the plaintiff at that time.
7. Following Dr. Brenner's release of plaintiff to return to work on November 4, 1991, no physician has given plaintiff any notes or indications that he could not return to some type of employment.
8. Defendants retained a vocational rehabilitation expert who testified at the hearing. Beginning on May 6, 1996, he conducted a labor market survey, which showed that there were fifty jobs consistent with the plaintiff's restrictions, within a 35 mile geographical location of the plaintiff's home. The counselor verified that five of these positions were available.
9. Although suitable employment was available within the plaintiff's restrictions as of May 6, 1996, the plaintiff has made no good faith effort to secure such employment.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following additional
 CONCLUSIONS OF LAW
1. On January 22, 1990, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer, which resulted in a lower back strain. N.C.G.S. § 97-2(6).
2. By entering the Form 21 agreement to pay benefits for "necessary" weeks, the defendants admitted liability and a presumption of ongoing disability was raised. The plaintiff is entitled to benefits for total disability until and unless this presumption is rebutted by competent evidence. The only evidence sufficient to rebut this presumption was the vocational evidence, which was not pursued until 1996. Therefore, the plaintiff is presumed to be totally disabled and is entitled to benefits at the rate of $106.67 per week resuming February 13, 1991 and continuing through May 6, 1996. N.C.G.S. § 97-29; Kisiahv. Kisiah Plumbing, 124 N.C. App. 72 (1996).
3. The vocational evidence presented by the defendants establishes that as of May 6, 1996 there were job opportunities available within the plaintiff's physical capabilities and geographical location. However, the plaintiff failed to make any effort to secure such employment. Sufficient evidence having been presented to rebut the presumption of ongoing disability, the plaintiff is not entitled to any further benefits after May 6, 1996. N.C.G.S. § 97-29; Kisiah v. KisiahPlumbing, 124 N.C. App. 72 (1996).
4. Defendants are responsible for payment of the plaintiff's medical expenses incurred as a result of his back injury for treatment rendered which was reasonably necessary to effect a cure or give relief, or lessen any period of disability. N.C.G.S. §§ 97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. The defendants shall pay to the plaintiff compensation at the rate of $106.67 per week resuming February 13, 1991 and continuing to May 6, 1996. Such benefits having accrued, they shall be paid in a lump sum, less the attorney's fee hereinafter provided.
2. The defendants shall pay all medical expenses incurred by the plaintiff as a result of his back injury for such treatment as was reasonably necessary to effect a cure or give relief or lessen any period of disability.
3. An attorney's fee of twenty-five percent of the compensation awarded the plaintiff herein is approved and awarded to C. Christopher Smith for his services to the plaintiff to be deducted from the compensation due to the plaintiff and paid directly to his attorney.
4. The defendants shall pay the costs.
 S/_________________________ KIM L. CRAMER DEPUTY COMMISSIONER
CONCURRING:
S/______________________ DIANNE C. SELLERS COMMISSIONER
S/______________________ THOMAS S. BOLCH COMMISSIONER