The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing on 17 July 1996 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Key Risk Management Services, Inc., as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. On 10 June 1994, plaintiff sustained a compensable injury to his back, right hip and thigh, while working as a foreman on a steel construction project for defendant-employer.
5. Plaintiff's average weekly wage on 10 June 1994 was $524.55, which yields a compensation rate of $349.72 per week.
6. Plaintiff received temporary total disability from 11 June 1994 through the date of the hearing on 17 July 1996.
7. The following documents were stipulated into the record:
 a. Vocational Records, forty-eight pages of reports of Charles DeMark, and;
b. All I.C. Forms contained in the Commission file.
 ***********
Based on the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of 17 July 1996, plaintiff was fifty-five years old with an eighth grade education and had been employed for defendant-employer for thirty years. Plaintiff was employed by defendant-employer as a foreman and his duties included reading blueprints, driving a forklift and supervising a work crew. Additionally, plaintiff has prior experience in working at an asphalt plant, service station and at a building supply company.
2. Plaintiff's job as foreman required him to perform work on job sites within a one-hundred and eighty mile radius of his home, driving a crew truck to and from the job site on a daily basis, supervising the work crew and performing work on the job site. His work required climbing, lifting up to one-hundred pounds, stooping, walking, sanding, and measuring.
3. On 10 June 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. As the result of this injury by accident, plaintiff sustained an injuries to his back, right hip and thigh.
4. Plaintiff was initially treated on 13 June 1994 by Dr. Michael Alston, his family doctor, following which he was referred to a neurosurgeon, Dr. Ira Hardy.
5. On 28 June 1994, plaintiff was examined by Dr. Hardy who diagnosed plaintiff as having a defect at the L4-L5 level on his right side and a paracentral disc protrusion at the L3-L4 with radiculopathy. Dr. Hardy did not recommend surgery at that time and began a conservative course of treatment.
6. Dr. Hardy has opined that plaintiff is incapable of returning to his former position with defendant-employer but that he is capable of performing sedentary work which would not require physical labor. Dr. Hardy has found the plaintiff to be at maximum medical improvement and has rated plaintiff as retaining a fifteen percent permanent partial impairment to his back.
7. On 3 March 1995, plaintiff was then referred by defendant to Dr. Lucas Martinez for a second opinion. Following his examination of plaintiff, Dr. Martinez opined that plaintiff was not a candidate for surgery, was incapable or returning to his former position, but that he was capable of performing light duty work if it included frequent position changes and regular walking.
8. On 27 October 1995, Dr. Martinez examined plaintiff after a functional capacity evaluation and informed him that he should be able to perform light duty work. Dr. Martinez imposed a twenty pound lifting restriction, and also restricted plaintiff from driving more than twenty miles and from walking more than two hundred yards at a time.
9. On 23 February 1996, plaintiff was referred to Dr. Lee A. Whitehurst, an orthopaedist, for an independent medical evaluation. Following a physical examination, interview of the history of the injury and review of medical records, Dr. Whitehurst opined that plaintiff's complaints of pain could not fully be explained on a physiological basis. However, based on the testimony of Dr. Hardy and Dr. Martinez, the Full Commission finds that plaintiff's physical symptoms can be explained by objective findings.
10. The Full Commission gives more weight to the testimony of Dr. Hardy and Dr. Martinez than that of Dr. Whitehurst. Dr. Whitehurst only examined plaintiff on two occasions and also assessed three different lifting restrictions.
11. On 23 March 1996, defendant referred plaintiff for vocational rehabilitation with Mr. Charles DeMark, who identified ten prospective jobs. Mr. DeMark submitted these jobs for approval by Dr. Whitehurst. Following Dr. Whitehurst's approval of these identified positions, plaintiff justifiably refused to sign the job placement agreement as Dr. Whitehurst was not his treating physician. Mr. DeMark then forwarded the job descriptions to Dr. Martinez, but did not receive a response.
12. Plaintiff's actions during the period of time in which Mr. DeMark was assigned to his case, including his actions regarding the jobs approved by Dr. Whitehurst, were reasonable and justified. Plaintiff has not refused suitable employment and defendant presented no evidence of jobs which were suitable and which had been properly approved for plaintiff.
13. On 4 February 1997, plaintiff was referred to Ms. Heidi Chaney for additional vocational rehabilitation. Based upon his past experiences with Mr. DeMark and Dr. Whitehurst, plaintiff's actions during the period of time in which Ms. Chaney was assigned to his case were reasonable and justified.
14. The parties entered into an Industrial Commission Form 21 Agreement for Compensation which was approved by the Commission on 11 July 1994. Under this Form 21 Agreement, plaintiff was entitled to temporary total disability compensation for "necessary" weeks.
15. On 28 January 1997, defendant filed an I.C. Form 24 Application to Terminate Compensation. Defendant sought authorization to suspend payment of benefits due to plaintiff's alleged failure to cooperate with its vocational rehabilitation efforts.
16. In her 28 October 1997 Opinion and Award, Deputy Commissioner Dollar found that plaintiff had unjustifiably refused to cooperate with vocational rehabilitation and had unjustifiably refused suitable employment. Defendant's Form 24 was approved and plaintiff's benefits were suspended as of 17 December 1996. However, the Full Commission finds that plaintiff's actions were reasonable and that he had not unjustifiably refused to cooperate with vocational rehabilitation. Accordingly, the Full Commission finds that the Form 24 was improvidently approved and that benefits should not have been suspended.
17. By his own efforts, plaintiff was able to find employment as a van driver for the Department of Vocational Services, where he is paid 20 cents per mile. There is insufficient evidence in the record as to exactly when this employment began, how long it extended or to determine the amount of wages plaintiff was able to earn in this position.
18. Except for the period of time plaintiff worked for the Department of Vocational Services, as the result of his 10 June 1994 injury by accident, he has been unable to earn wages in his former position with defendant-employer or in any other employment from 10 June 1994 through the present and continuing.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 10 June 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. The Industrial Commission Form 21 Agreement for Compensation, which was approved by the Commission on 11 July 1994, created a presumption of continued disability in plaintiff's favor which defendant has failed to rebut. Id.; Kisiah v. W.R.Kisiah Plumbing, 124 N.C. App. 72, 476 S.E.2d 434 (1996), disc.rev. denied, 345 N.C. 343, 483 S.E.2d 169 (1997).
3. The Industrial Commission Form 24, upon which benefits were suspended as of 17 December 1996, was improvidently approved by Deputy Commissioner Dollar in her 28 October 1997 Opinion and Award. Accordingly, defendant's application to suspend plaintiff's benefits is hereby denied. G.S. § 97-18.
4. Except for the period of time plaintiff worked for the Department of Vocational Services, as a result of his 10 June 1994 injury by accident, plaintiff is entitled to be paid by defendant temporary total disability compensation at the rate of $349.87 per week for the period of 10 June 1994 through the present and continuing until plaintiff returns to work or until further order of the Commission. G.S. § 97-29.
5. As the result of his 10 June 1994 injury by accident, plaintiff is entitled to be paid by defendant temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wage at the time of injury and the wages he was able to earn on a weekly basis in his position with the Department of Vocational Services. G.S. § 97-30.
6. As the result of his 10 June 1994 injury by accident, plaintiff is entitled to have defendant pay for all medical expenses incurred or to be incurred. G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Except for the period of time plaintiff worked for the Department of Vocational Services, defendant shall pay plaintiff temporary total disability compensation at the rate of $349.87 per week for the period of 10 June 1994 through the present and continuing until plaintiff returns to work or until further order of the Commission. From the portion of compensation which has accrued, defendants shall pay this to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendant shall pay to plaintiff temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wage at the time of injury and the wages he was able to earn on a weekly basis in his position with the Department of Vocational Services. From the portion of compensation which has accrued, defendants shall pay this to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
3. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as the result of his 10 January 1994 injury by accident.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for counsel for plaintiff. From the amount of compensation which has accrued, this fee shall be deducted from the amounts owed to plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
5. Defendants shall pay the costs.
 *********** ORDER
The parties are hereby ORDERED to cooperate in determining the exact dates plaintiff was employed by the Department of Vocational Services and the amount of wages he earned in this position on a weekly basis. This information should be used in determining the amount of temporary partial disability compensation to which plaintiff is entitled. Should the parties be unable to make these determinations, either party may submit the appropriate Motion to the Full Commission.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ THOMAS J. BOLCH COMMISSIONER