In this matter, the majority finds that plaintiff contracted a compensable occupational disease, specifically carpal tunnel syndrome, as the result of her employment with defendant. I agree. Inexplicably, however, the majority goes on to find that plaintiff's refusal of a position offered by defendant was unjustified and suspends plaintiff's benefits. Because the majority's decision is incorrect as a matter of law and contrary to the interests of justice, I hereby dissent from its decision.
Defendant in this case admitted the compensability of plaintiff's carpal tunnel syndrome through an Industrial Commission Form 21 Agreement for Compensation, which was approved by the Commission on 29 March 1995. Through this approved Form 21, a presumption of continuing total disability arose in plaintiff's favor. Kisiah v. W.R. Kisiah Plumbing,124 N.C. App. 72, 476 S.E.2d 434 (1996), disc. rev. denied,345 N.C. 343, 483 S.E.2d 169 (1997). Although rebuttable, this presumption has the effect of placing the burden of proof on defendant. Id. A defendant may rebut the presumption by proving the following: (1) that suitable jobs are available for the employee; (2) that the employee is capable of securing said job taking into account the employee's physical and vocational limitations, and; (3) that the job would enable the employee to earn some wages. Brown v. S N Communications, Inc.,124 N.C. App. 320, 477 S.E.2d 197 (1996).
On 30 March 1995, the parties submitted an Industrial Commission Form 28T which documented that plaintiff had returned to work on 20 March 1995 at reduced wages. Plaintiff's return to work was therefore, on a trial basis. Despite her efforts, plaintiff continued to experience pain and swelling during the period from 20 March 1995 to 16 May 1996 as she attempted to perform the duties of a covering machine operator. As such, plaintiff's trial return to work was unsuccessful, the covering machine operator position was unsuitable, and the presumption of continued disability was not rebutted. Kisiah,124 N.C. App. 72, 476 S.E.2d 434 (1996), disc. rev. denied,345 N.C. 343, 483 S.E.2d 169 (1997). Accordingly because the presumption of continued disability was not rebutted, defendant still bore the burden of proof. Id.
Sometime prior to 16 May 1996, plaintiff was offered a different position working on the third shift. During this period, as noted above, the burden of proof remained on defendant. Plaintiff declined this position because a job on third shift would prevent her from staying with and caring for her three minor children, duties which could not be performed by her husband due to his own disability. Despite these standards the majority improperly places the burden of proof on plaintiff.See Full Commission Opinion and Award, Finding of Fact(8), ("While plaintiff may have not desired to work on third shift, her refusal was not related to her compensable injury, and was unjustified under the circumstances."). Because this was in error as a matter of law, I must dissent from the majority's decision.
In the alternative, should the presumption be determined to have been rebutted, based on the evidence of record the Full Commission should find that the third shift job as offered by defendant was unsuitable. A job on third shift, because of the required changes is schedules and lifestyles, is not the equivalent of, and in most cases is considered the lesser of jobs on earlier shifts. As for plaintiff, there was the additional direct conflict regarding the offered third shift job and the care of her three minor children. The majority seems to imply that plaintiff's reasons for refusing the offered third shift position were unimportant and finds that her refusal "was unjustified under the circumstances." (Emphasis added);Full Commission Opinion and Award, Finding of Fact (8). The majority goes on to support this implication by finding that "there is no evidence of the nature of the husband's disability or why he would not be able to attend the children in the evenings . . ." Id. This is not the case, as there was evidence of this situation in the form of plaintiff's testimony which represents the solution most favorable to the children's well being.
For the above reasons I cannot join in the majority's decision and hereby dissent from its Opinion and Award and would instead affirm the Opinion and Award by the Deputy Commissioner.
S/_____________ CHRISTOPHER SCOTT COMMISSIONER