The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and arguments on appeal. Based upon its assignments of error, defendant has not shown good ground to receive further evidence or to amend the prior Opinion and Award. However, based upon her assignments of error, plaintiff has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission modifies in part and affirms in part the Deputy Commissioner's holding and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties through an Industrial Commission Form 21 Agreement for Compensation, which was approved by the Commission on 13 May 1993, and in a Pre-Trial Agreement which was filed on 19 June 1998, which are incorporated herein by reference as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with the North Carolina School Boards Insurance Trust as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on 27 February 1992, as a result of which the parties entered into an Industrial Commission Form 21 Agreement for Compensation which was approved by the Commission on 13 May 1993.
5. Plaintiff's average weekly wage on 27 February 1992 was $578.48, which yields a compensation rate of $385.67 per week.
6. The parties entered into a Consent Order, which was approved by the Commission on 7 March 1995.
7. Defendant has paid benefits in an amount of $100,659.87 to plaintiff.
8. Defendant has paid medical benefits in an amount of $38,706.57.
9. Defendant has paid rehabilitation benefits of $4,648.89.
10. The issues for determination are:
 a. Whether plaintiff has undergone a change in condition supporting a termination of benefits; or
 b. Whether plaintiff is entitled to lifetime benefits pursuant to N.C. Gen. Stat. § 97-29.
11. The parties stipulated the following medical reports into the record:
a. Southeastern Spine Center, ten pages;
b. Genex Services, Inc., twenty-three pages;
c. Robert L. Irwin, D.C., twenty-seven pages;
d. Pisgah Physical Therapy, three pages;
e. Hendersonville Internists, Inc., twelve pages;
f. American Eagle Rehabilitation Services, forty-three pages;
g. Richard Johnson, Ph.D., fifty-eight pages;
h. Asheville Arthritis Center, forty-seven pages;
i. St. Joseph's Hospital Pain Center, sixty-one pages;
j. Janet Weiss, LPT, five pages;
k. Physical Rehabilitation Associates, Inc., five pages; and
l. Blue Ridge Bone Joint Clinic, two pages.
 * * * * * * * * * * * MOTIONS RULINGS
1. At the hearing before the Deputy Commissioner on 19 June 1998, plaintiff filed a Motion to Disqualify the Industrial Commission from hearing this case. Pursuant to Chapter 97 of the North Carolina General Statutes, the Industrial Commission is vested with the exclusive jurisdiction to resolve matters which may arise involving workers' compensation claims. Accordingly, plaintiff's motion was properly denied by the Deputy Commissioner and the Full Commission affirms this ruling.
2. At the conclusion of the hearing before the Deputy Commissioner on 19 June 1998, plaintiff moved for defendant's to reinstate payment of benefits pending a decision in this case. By Order filed on 16 July 1998, the Deputy Commissioner found that defendant had met its initial burden to establish plaintiff was capable of and was, in fact, engaging in a work activity and denied plaintiff's motion. At the time of this ruling by the Deputy Commissioner, the record of evidence was not closed, no Form 24 had been approved and plaintiff was entitled to the presumption of continuing total disability pursuant to the approved Form 21. Kisiah v. W.R. Kisiah Plumbing,124 N.C. App. 72, 476 S.E.2d 434 (1996), disc. rev. denied,345 N.C. 343, 483 S.E.2d 169 (1997). Therefore, the Deputy Commissioner's denial of plaintiff's motion to reinstate benefits was in error and is reversed by the Full Commission.
3. In January of 1999, plaintiff moved to reopen the evidentiary record to file an affidavit from former Deputy Commissioner Roger L. Dillard, Jr. Defendant filed written objection to said motion on 17 February 1999. In her Opinion and Award the Deputy Commissioner denied plaintiff's motion. Upon reconsideration of the issues in this matter, the Full Commission has determined that the Deputy Commissioner's ruling on this issue was in error and is hereby reversed. Accordingly, the affidavit of former Deputy Commissioner Roger L. Dillard is admitted into the record of evidence.
4. Before the Deputy Commissioner, plaintiff moved to have this matter dismissed, contending that there were no judicable issues to be determined. This motion was denied by the Deputy Commissioner. Because of the complexity of this case, and in the interest of justice, the Full Commission affirms the Deputy Commissioner's denial of plaintiff's motion and has reached its decision based upon the merits.
 * * * * * * * * * * *
Based upon the entire evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 19 June 1998, plaintiff was a forty-six year old female with a Master's degree in special education. Plaintiff is the mother of three sons, two of whom reside with her.
2. On 27 February 1992, plaintiff was employed as a special education teacher with the Buncombe County School system. On that date, a student assaulted her by shoving her into a cement wall and placing her in an arm lock. After the incident, plaintiff sought medical treatment.
3. Prior to her admittedly compensable injury by accident on 27 February 1992, plaintiff had been involved in a non-work related automobile accident. Plaintiff subsequently developed shoulder pain in the trapezius area, headaches, and fibromyalgia.
4. Plaintiff's pre-existing fibromyalgia was exacerbated by her admittedly compensable injury by accident on 27 February 1992 the work-related injury.
5. Subsequent plaintiff's injury, defendant retained the services of Maggie Kelly, a vocational counselor with American Eagle Rehabilitation Services. Ms. Kelly was to assist plaintiff in identifying suitable employment. Despite vocational counseling, plaintiff was unable to return to work. Beginning in 1993, Ms. Kelly assisted in arranging for plaintiff to complete a computer course in order to obtain her teacher certification.
6. On 7 March 1995, former Deputy Commissioner Roger L. Dillard, Jr. approved a Consent Order in which the parties agreed that plaintiff sustained a compensable injury by accident on 27 February 1992 and that she was permanently and totally disabled.
7. The 28 December 1998 affidavit of Former Deputy Commissioner Roger L. Dillard, Jr., which has now been admitted into evidence, corroborates plaintiff's contention that the parties intended for permanent and total benefits to be paid to plaintiff for the remainder of her lifetime.
8. In August of 1996, plaintiff's family doctor referred her to Robert Irwin for chiropractic treatment. However, on 24 March 1997, defendant advised plaintiff that no further chiropractic treatment would be authorized.
9. In 1997, the North Carolina School Boards Insurance Trust began administering claims for defendant. In August 1997 Ms. Rowena Ball was assigned as the adjuster on plaintiff's file. On 29 October 1997, plaintiff telephoned Ms. Ball regarding the settlement of her claim. Subsequently, Ms. Ball retained the services of Corporate Surveillance Investigations, Inc. to conduct surveillance regarding plaintiff's physical abilities. From 3 November 1997 through 1 February 1998, Corporate Surveillance Investigations, Inc. conducted surveillance.
10. On 5 November 1997, plaintiff traveled from Mountain Home, North Carolina to Greenville, South Carolina without stopping to take a break during the one hour drive. While in Greenville, plaintiff spoke with Mr. Josh Maddocks, the investigator who was following her. Plaintiff invited Mr. Maddocks to accompany her to an Amway seminar on 11 November 1997.
11. On 11 November 1997, plaintiff again drove to Greenville, South Carolina to attend the seminar. Mr. Maddocks also attended the seminar and observed plaintiff throughout. On 14 November 1997, plaintiff again drove to meet with Mr. Maddocks and a second investigator, Donald R. Anderson, Jr., in Greenville, South Carolina.
12. The Full Commission finds that the evidence obtained by defendant's private investigators is not determinative of her overall physical abilities and her continued disability relating to the 27 February 1992 injury by accident. Furthermore, any statements plaintiff may have made to defendant's investigators are not given weight regarding plaintiff's earnings capacity.
13. Gale Corbett, R.N., a certified medical case manager with Genex Services, Inc., was assigned to arrange for the independent medical evaluation to determine plaintiff's medical status as it had been some time since plaintiff's last medical treatment. Nurse Corbett met with plaintiff on 15 January 1998.
14. On 23 January 1998, Dr. Andrew Rudins, a board certified physical medicine and rehabilitation specialist, of Southeastern Spine Sports Medicine performed an independent medical examination of the plaintiff. Dr. Rudins reviewed plaintiff's medical treatment records and diagnostic films. An examination revealed twelve of eighteen ACR tender points. Plaintiff was capable of flexing and extending quite well, and of reaching her ankles without much discomfort. Deep tendon reflexes were brisk, equal and symmetric. Dr. Rudins opined that plaintiff had severe post traumatic fibromyalgia with development of extensive disability syndrome.
15. As the result of her 27 February 1992 injury by accident, plaintiff would benefit from psychological and chiropractic treatment for her post-traumatic stress and fibromyalgia.
16. Plaintiff reached maximum medical improvement by at least 23 January 1998, at which time she retained a five percent permanent (5%) partial impairment to her back. Fifty percent (50%) of the rating was due to the automobile accident and fifty percent (50%) was due to the compensable workers' compensation injury.
17. Ms. Ball filed a Form 28, Return to Work Report on 23 March 1998 and defendant filed an Industrial Commission Form 24, Application to Terminate Benefits on 16 April 1998, which was denied.
18. Without an approved Form 24, defendant unilaterally ceased making payments of compensation to plaintiff as of 6 March 1998. By taking such action defendant violated N.C. Gen. Stat. §97-18.1 and Industrial Commission Rule 401(1) 401(2).
19. Defendant failed to produce evidence of earnings from plaintiff's activities associated with Amway or other evidence to establish that plaintiff has any wage earning capacity.
20. The 7 March 1995 Consent Order which established that plaintiff was permanently and totally disabled as the result of her 27 February 1992 injury by accident and as a result thereof is entitled to benefits for the remainder of her life time is an award of the Commission.
21. As the result of her 27 February 1992 injury by accident, plaintiff has been and will be unable to earn wages in her former position with defendant or in any other employment from that date through the present and continuing for the remainder of her lifetime.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The 7 March 1995 Consent Order which established that plaintiff was permanently and totally disabled as the result of her 27 February 1992 injury by accident and as a result thereof is entitled to benefits for the remainder of her life-time constitutes an award of the Commission. N.C. Gen. Stat. §97-82(b). This award was not appealed from and has not been modified in any way by the Commission. N.C. Gen. Stat. §97-47; N.C. Gen. Stat. § 97-85.
2. The approved Industrial Commission Form 21 established a rebuttable presumption of continued total disability in plaintiff's favor. N.C. Gen. Stat. § 97-29; Kisiah v.W.R. Kisiah Plumbing, 124 N.C. App. 72, 476 S.E.2d 434
(1996), disc. rev. denied, 345 N.C. 343, 483 S.E.2d 169
(1997). Defendants have failed to produce evidence that plaintiff has any wage earnings capacity and have not otherwise rebutted this presumption. Id.
3. As a result of her 27 February 1992 injury by accident, plaintiff is entitled to be paid by defendant ongoing total disability compensation at the rate of $385.67 per week from 7 March 1998 through the remainder of her lifetime or until further Order of the Commission. N.C. Gen. Stat. § 97-29.
4. Pursuant to the Consent Order approved by the Commission on 7 March 1995, benefits were to be paid by defendant to plaintiff during the period of 7 March 1998 through the remainder of her lifetime or until further Order of the Commission. N.C. Gen. Stat. § 97-18. For payments which are overdue pursuant to the terms of N.C. Gen. Stat. § 97-18(e), a ten percent (10%) penalty is hereby assessed against defendant.
5. Due to its unilateral termination of benefits in violation of Industrial Commission Rule 401(1) 401(2), defendant is subject to a sanction in the form of a $1,000 attorney fee to be paid to counsel for plaintiff. Industrial Commission Rule 802; N.C. R. Civ. P. 37.
6. Plaintiff is entitled to have the defendant pay for medical expenses incurred or to be incurred as a result of her 27 February 1992 injury by accident. N.C. Gen. Stat. §97-2(19).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies in part and affirms in part the Deputy Commissioner's holding and enters the following:
 AWARD
1. Defendant shall pay total disability compensation to plaintiff at the rate of $385.67 per week from 7 March 1998 through the remainder of her lifetime or until further Order of the Commission. The compensation which has accrued shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendant shall pay a ten percent (10%) penalty on all overdue payments of compensation. Subject to the attorney's fee approved herein, this penalty shall be paid to plaintiff in a lump sum.
3. Defendant shall pay a $1,000 attorney fee to counsel for plaintiff due to its unilateral termination of benefits in violation of Industrial Commission Rules. This fee is in addition to the fee awarded as a percentage of plaintiff's compensation.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation and penalty awarded herein is hereby approved for counsel for plaintiff. From the amounts having accrued, this fee shall be deducted from sums due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth thereafter.
5. Defendant shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
6. Defendant shall pay the costs, including the expert witness fee of $180.00 to Andrew Rudins, M.D.
 S/ _________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER